E-FILED
Wednesday, 23 September, 2026 01:22:19 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **KIRKLAND C.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-cv-3103** |
| | ) | |
| **FRANK BISIGNANO, Commissioner** | ) | |
| **of Social Security,** | ) | |
| **Defendant.** | ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of Defendant Commissioner of Social Security's ("Commissioner")[1] decision denying Plaintiff Kirkland C.'s application for Social Security disability benefits. Before the Court are Plaintiff's Brief in support of reversal and remand (Doc. 6), the Commissioner's Brief in support of affirmance (Doc. 8), Plaintiff's Brief in reply (Doc. 9), Magistrate Judge Eric I. Long's Report and Recommendation (Doc. 10) recommending affirmance of the Commissioner's decision, Plaintiff's Objection to the Report and Recommendation (Doc. 11), and the Commissioner's Response to Plaintiff's Objection (Doc. 13).

When a dispositive motion is referred to a magistrate judge, "[t]he magistrate judge must enter a recommended disposition." Fed. R. Civ. P. 72(b)(1); *see also* 28 U.S.C. § 636(b)(1)(C). A party may file written objections to the report and recommendation within 14 days. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). This Court reviews de

[1] As of May 2025, the Commissioner of Social Security is Frank Bisignano.

novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Any unobjected portions of the report and recommendation are reviewed for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

In his decision, the Administrative Law Judge ("ALJ") found that Plaintiff could perform jobs that exist in significant numbers in the national economy and, therefore, was not disabled. The ALJ considered Plaintiff's residual functional capacity ("RFC") and determined Plaintiff could perform medium work with some exceptions. In doing so, the ALJ reviewed the findings of state agency reviewing physicians, Drs. Reynaldo Gotanco and Frank Mikell, who determined that Plaintiff was limited to medium work. The ALJ also considered Plaintiff's migraine treatment records from April through July 2024 wherein Plaintiff began prescription preventive migraine medication for the first time and reported the intensity and frequency of his migraines decreased. The ALJ found the above findings persuasive and included additional environmental restrictions to account for Plaintiff's migraines. *See Langley v. O'Malley*, 2024 U.S. App. LEXIS 19443, at *9 (7th Cir. Aug. 5, 2024) ("[A]n RFC that is more limiting than an agency doctor's analysis illustrates that the ALJ gave 'reasoned consideration' to the evidence."). In his Report and Recommendation, Judge Long concluded that sufficient evidence existed from Plaintiff's migraine treatment records and the physicians' findings to support the ALJ's RFC determination.

Plaintiff's objection to the Report and Recommendation is based on the magistrate judge's determination that 1) the migraine treatment records are sufficient (notwithstanding the other evidence) to uphold the ALJ's RFC and 2) the ALJ properly considered Plaintiff's daily activities in his subjective symptom evaluation. First, Plaintiff contends that his migraines require additional limitations than what the ALJ provided for, specifically that the ALJ should have accounted for absences and breaks. In support, Plaintiff cites his history of migraines predating April 2024—the beginning of his treatment—and his testimony in October 2024 during his disability hearing that he has migraines nearly daily. Second, Plaintiff believes the ALJ improperly relied on Plaintiff's successful performance of daily activities as a basis in concluding that he is capable of work, given the "critical differences between activities of daily living and activities in a full-time job," *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012).

In response, the Commissioner claims that the ALJ reasonably accommodated Plaintiff's migraines in his RFC assessment based on Plaintiff's treatment records, and the ALJ properly relied upon Plaintiff's daily activities as one of several considerations in his credibility determination.

The Court will adopt the Report and Recommendation and affirm the Commissioner's decision to deny Plaintiff's application for social security benefits. In the period between April 2024 and July 2024, Plaintiff began preventive migraine medication. He reported his "migraines not as intense" and the "frequency [] decreased" with medication. (R. 934). Plaintiff was "happy with his improvement," and his migraines were "well-controlled," with only "occasional headaches." (R. 898–903). Although

Plaintiff testified later in October that he had been having migraines almost daily, the Court will not reweigh the evidence and discount the ALJ's credibility determinations. *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021); *see also Schloesser v. Berryhill*, 870 F.3d 712, 721 (7th Cir. 2017) ("[D]isregarding [plaintiff]'s subjective testimony where it contradicts with contemporaneous reports he made to his physicians and their independent observations is permissible."). As said, the ALJ included additional limitations beyond that recommended by the state agency physicians to account for Plaintiff's migraines, which demonstrates further reasonableness to his decision. *See Langley*, 2024 U.S. App. LEXIS 19443, at *9.

Moreover, the ALJ's discounting of Plaintiff's subjective testimony, which is afforded "special deference," was not "patently wrong." *Summers v. Berryhill*, 764 F.3d 523, 528 (7th Cir. 2017). An ALJ may "examine all of the evidence, including a claimant's daily activities, to assess whether testimony about the effects of his impairments was credible or exaggerated." *Alvarado v. Colvin*, 836 F.3d 744, 750 (7th Cir. 2016) (internal quotation marks omitted); *see also* 20 C.F.R. § 404.1529(c)(3)(i)–(vii) (listing relevant factors, including "daily activities," the "location, duration, frequency, and intensity of [] pain or other symptoms," and medication). The ALJ properly considered Plaintiff's daily activities, in conjunction with the physician evidence and Plaintiff's symptoms and medication, in arriving at his conclusion that the persuasiveness of Plaintiff's subjective testimony was diminished.

Based on the foregoing, the Court concludes the ALJ committed no error, harmless or otherwise, in denying Plaintiff Kirkland C.'s application for social security benefits.

For the reasons stated in this Order, the Court OVERRULES Plaintiff's Objection (Doc. 11) and ADOPTS the Report and Recommendation (Doc. 10), to the extent it recommends that the ALJ's decision be affirmed. Pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Commissioner's decision denying Plaintiff's application for social security benefits is AFFIRMED.

The Clerk of the Court will enter judgment and terminate this case.

ENTER: September 23, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE